Filed 10/26/20  P. v. St. John CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ANTHONY ST. JOHN,<br><br>　　　Defendant and Appellant. | A158102<br><br>(San Mateo County<br>Super. Ct. No. 17-SF-012942-A) |

This is an appeal from a judgment after defendant Michael Anthony St. John pled no contest to second degree robbery (Pen. Code,[1] § 212.5, subd. (c)), and resisting an executive officer (§ 69).  The trial court sentenced St. John to two years and eight months in prison.

St. John appeals.  His appointed counsel asked this court to review the record to determine whether there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Having found none, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2017, the prosecution charged St. John with second degree robbery (§ 212.5, subd. (c); count 1); vandalism (§ 594, subd. (b)(1); count 2); and resisting an executive officer (§ 69; count 3).  All of the offenses

---

[1]  Undesignated statutory references are to the Penal Code.

1

were charged as felonies, and it was further alleged that the robbery was a serious and violent felony (§§ 667.5, subd. (c); 1192.7, subd (c)).

The charges were based on an incident that occurred in San Carlos, California, on October 23, 2017, in which St. John—who was 31 years old at the time—punched and kicked a 14-year old male victim and stole the victim's cellular telephone. After doing so, St. John attempted to gain entry to several occupied vehicles, and he broke the windshield of a vehicle that braked to avoid hitting him. When a deputy responded, St. John yelled obscenities and swung "a metal barricade" at the deputy. The deputy used his taser on St. John, and, after a physical struggle, St. John was restrained by three deputies.

In March and May 2018, St. John refused to participate in competency evaluations, but, in June 2018, a licensed psychologist evaluated St. John and concluded he was competent to stand trial. On July 11, 2018, the prosecution filed an information against St. John adding a fourth charge of assault with a deadly weapon upon a peace officer (§ 245, subd. (c); count 4).

In or around December 2018, St. John's attorney, Daniel Everett, filed, or attempted to file, a number of motions on behalf of St. John and three other defendants in unrelated cases seeking to disqualify or recuse the district attorney's office and seeking the recusal of the entire judicial panel. The trial court denied the motions.

On February 22, 2019, St. John pled no contest to second degree robbery (§ 212.5, subd. (c)), which he admitted was a serious and violent felony (§§ 667.5, subd. (c); 1192.7, subd. (c)), and to resisting an executive officer (§ 69). Under the terms of his plea bargain, St. John's maximum exposure was five years and eight months.

In March 2019, Daniel Everett was relieved as counsel for St. John, and the court appointed new counsel. On June 11, 2019, the trial court sentenced St. John to two years and eight months in prison, which consisted of the low term of two years on count 1 (second degree robbery), and a consecutive sentence of eight months, which was one-third of the midterm on count 3 (resisting arrest). The trial court awarded St. John 686 days of credits. It imposed a restitution fine of $300 plus a 10 percent administration fee (§ 1202.4, subds. (b), (l)), victim restitution of $100 with additional amounts to be determined (§ 1202.4, subd. (f)), a court operations fee of $40 (§ 1465.8), and a conviction assessment of $30 (Gov. Code, § 70373).

## DISCUSSION

St. John's appointed counsel filed a *Wende* brief and informed St. John he had the right to file a supplemental brief on his own behalf. No supplemental brief has been filed.

St. John pled no contest, and the notice of appeal indicates he is appealing his sentence or other matters that do not affect the plea's validity. As a result, our review is limited to postplea matters. (Cal. Rules of Court, rule 8.304(b)(5).) Nevertheless, we have reviewed the entire record pursuant to *Wende* and find no reasonably arguable appellate issue.

## DISPOSITION

The judgment is affirmed.

_____
Reardon, J.*

WE CONCUR:


_____
Simons, Acting P.J.


_____
Needham, J.


A158102


_____

\* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4